WESTERN UNION TELEGRAPH CO. v. STATE *et al.*

No. 2344.   Opinion Filed December 3, 1912.

(128 Pac. 1132.)

*Appeal from Corporation Commission.*

Appeal by the Western Union Telegraph Company from an order of the Corporation Commission after hearing on complaint by G. T. Ralls, City Attorney of Coalgate.   Cause remanded to the Commission.

*Cottingham & Bledsoe,* for appellant.

*Chas. West,* Atty. Gen., and *Chas. L. Moore* and *C. J. Davenport,* Asst. Attys. Gen., for appellees.

HAYES, J.   This is an appeal from an order of the Corporation Commission, designated Order No. 285.   The provisions of the order of which appellant complains require it to keep its office at Coalgate, in this state, open for receipt of commercial messages until ten o'clock p. m. each day, and to receive messages over the telephone at the request of the sender.   The order was made after hearing upon complaint filed by appellee, G. T. Ralls. In the complaint it is alleged that appellant is engaged in the transportation of telegraphic messages between points within the state; that it renders service to the public at Coalgate, a town of about 5,000 inhabitants, a county seat, and the center of considerable coal mining business.   Appellant maintains no separate office and operator at said place, but renders its service through the telegraphic operator of the Missouri, Kansas & Texas Railway Company, and said operator or company receives a commission on the business handled for appellant.   The complaint alleges that the depot of the Missouri, Kansas & Texas Railway Company is inconveniently located to the business section of the town, and that the operator of the railway company is so engaged in the duties of the railway company that he does not and cannot discharge the duties of appellant to the public; that it is

impossible for him to handle the business of appellant without great delay and inconvenience to its patrons. The prayer of the complaint asks that appellant be required to establish an office in the city, and to keep same open both day and night for receiving and transmitting business, and for such other and further order as the commission may deem necessary and just in the premises.

After notice to appellant and answer by it to the complaint, and after the hearing of the evidence thereon, the commission found that the facts would not justify an order requiring appellant to establish a separate office in the city, but by the order made the commission requires appellant to keep its present office open for receipt of commercial business until ten o'clock p. m. each night.

Although the complaint filed with the commission and the prayer thereto are comprehensive enough to authorize the order made by the commission, it appears that at the hearing before the commission both parties proceeded upon the theory that the only order sought was one requiring appellant to establish a separate office in Coalgate and to maintain in such office both night and day service. There is absence of any testimony whether the additional service required by the order appealed from can be rendered by appellant at its present office and what additional help, if any, will be required, and whether such service may be secured from the operator of the railway company. To appellant's motion for a new trial is attached an affidavit of appellant's assistant superintendent in charge of its lines in this state, in which he states that it will be impossible for appellant to comply with the order made by the commission under its arrangement with the railway company and its operator, for the reason that said operator is engaged in receiving and delivering orders pertaining to and affecting trains engaged in interstate commerce, and that the hours of labor of such operator are regulated by act of Congress; that the federal statute pertaining thereto prohibits such operator from remaining on duty for a longer period than nine hours in any 24-hour period in all offices continuously operated night and day, and prohibits him from remaining on duty

for a longer period than thirteen hours in all offices operated only during the daytime. Act March 4, 1907, c. 2939, 34 St. at L. 1415, 1416 (U. S. Comp. St. Supp. 1911, p. 1321). He states that appellant has no control over the office of the railway company, and that to comply with this order will require the employment of an additional operator, which he cannot place in said office, and that therefore a compliance with the order will require it to establish a separate independent office, which the commission has found the evidence in this case does not justify. The evidence in the record does establish that the operator of the railway company through whom appellant performs its service is on duty from 7 o'clock a. m. to 7 o'clock p. m. each day; but the evidence does not establish whether his service pertains to or affects trains engaged in interstate commerce, nor is there any evidence, other than the affidavit attached to the motion for a new trial, whether it is possible for appellant to comply with this order under its arrangement with the railway company and its operator, without a violation by the operator and of the railway company of the federal act. Such information is necessary to this court before we can intelligently determine whether the order appealed from can be sustained; for it is plain that, if the service required by the order cannot be rendered by appellant with the use of the operator of the railway company without a violation of the federal act, the order compelling the service to be rendered in that manner cannot stand. But, on the other hand, if it can be shown that arrangements can be made by appellant with the railway company whereby its operator alone, or aided by other operators in the company's office, can render this service without violation of the federal act, then so far as the order is affected by this question it should be sustained.

Section 22, art 9, of the Constitution, authorizes this court, when it deems it necessary and in the interest of justice, to remand to the commission any case pending on appeal and require the same to be further investigated by the commission and reported upon to the court before the appeal is finally disposed of. It would be useless to affirm the order of the commission, if the result of such order is that its performance can be obtained only

with a violation of the federal act; and since, under the showing made in this record, that question in all probability could and would be raised in any attempt to enforce the order, it should be determined in this proceeding.

It is therefore ordered that this cause be remanded to the commission, for the purpose of giving both parties an opportunity to introduce evidence touching the question above indicated, and for such other and further investigation by the commission as it may be able to make, to inform itself and this court upon that question and report thereon to this court within 30 days from this date.

TURNER, C. J., and WILLIAMS and KANE, JJ., concur; DUNN, J., not participating.